UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------ x
                                    :
NETRATINGS, INC.,

                      Plaintiff,      :      Civil Action No. _____

      v.                        :

WEBSIDESTORY, INC.,        :      **JURY TRIAL DEMANDED**

                    Defendant.   :

                                      :
------------------------------------ x

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, as and for its Complaint for Patent Infringement (the "Complaint") against defendant WebSideStory, Inc. ("WebSideStory"), states as follows:

### THE PARTIES

1.      NetRatings is a Delaware corporation with its principal place of business at 120 West 45th Street, New York, New York 10036.  NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2.      Upon information and belief, WebSideStory, Inc. is a Delaware corporation with offices at 10182 Telesis Ct., San Diego, California 92121.

3.      Upon information and belief, WebSideStory does business in the State of New York and this District, contracts to supply goods or services within the State of New York and this District, has continuous and systematic business contacts within the State of New York and this District, derives substantial revenue from interstate commerce from goods used or services rendered in the State of New York and this District and commits and has committed acts of

patent infringement either within the State of New York and this District, or outside the State of

New York and this District with a reasonable expectation that such acts would have

consequences within the State of New York and this District.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et

seq. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c)

and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

6.      NetRatings and WebSideStory offer products within the same Internet audience

measurement and analysis market.

7.      On October 7, 1997, United States Letters Patent No. 5,675,510 (the "'510

Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to

Coffey, et al. NetRatings is the owner by assignment of the '510 Patent.  A true copy of the '510

Patent is annexed hereto as Exhibit 1.

8.      On August 22, 2000, United States Letters Patent No. 6,108,637 (the "'637

Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau.

NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to

enforce the '637 Patent against WebSideStory.  A true copy of the '637 Patent is annexed hereto

as Exhibit 2.

9.      On September 5, 2000, United States Letters Patent No. 6,115,680 (the "'680

Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to

2

Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit 3.

      10.     On October 24, 2000, United States Letters Patent No. 6,138,155 (the "'155 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE AND CREATING CLIENT PROFILES AND RESOURCE DATABASE, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '155 Patent. A true copy of the '155 Patent is annexed hereto as Exhibit 4.

      11.     On July 13, 2004, United States Letters Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit 5.

## COUNT I

### Infringement Of United States Patent No. 5,675,510

      12.     NetRatings repeats the allegations contained in Paragraphs 1 through 13 as though fully set forth herein.

      13.     Upon information and belief, WebSideStory has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its WebSiteStory® Active Marketing Suite™ of products and associated modules and services, including but not limited to HitBox Enterprise, HBX™ product family and associated modules and services, and WebSideStory® StatMarket®, alone and/or in combination with other WebSideStory products or services.

14.     Upon information and belief, WebSideStory has had notice of the '510 Patent and its infringement of the '510 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

15.     As a result of WebSideStory's infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

16.     Unless an injunction is issued enjoining WebSideStory and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '510 Patent, NetRatings will be irreparably harmed.

17.     Upon information and belief, with full knowledge of the '510 Patent, WebSideStory willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Letters Patent No. 6,108,637

18.     NetRatings repeats the allegations contained in Paragraphs 1 through 19 as though fully set forth herein.

19.     Upon information and belief, WebSideStory has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its WebSiteStory® Active Marketing Suite™ of products and associated modules and services, including but not limited to HitBox Enterprise, HBX™ product family and associated modules and services, and WebSideStory® StatMarket®, alone and/or in combination with other WebSideStory products or services.

4

20.     Upon information and belief, WebSideStory has had notice of the '637 Patent and its infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

21.     As a result of WebSideStory's infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

22.     Unless an injunction is issued enjoining WebSideStory and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

23.     Upon information and belief, with full knowledge of the '637 Patent, WebSideStory willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III

### Infringement Of United States Letters Patent No. 6,115,680

24.     NetRatings repeats the allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

25.     Upon information and belief, WebSideStory has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its WebSiteStory® Active Marketing Suite™ of products and associated modules and services, including but not limited to HitBox Enterprise, HBX™ product family and associated modules and services, and WebSideStory® StatMarket®, alone and/or in combination with other WebSideStory products or services.

5

26.     Upon information and belief, WebSideStory has had notice of the '680 Patent and its infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

27.     As a result of WebSideStory's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

28.     Unless an injunction is issued enjoining WebSideStory and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

29.     Upon information and belief, with full knowledge of the '680 Patent, WebSideStory willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.


## COUNT IV

### Infringement Of United States Letters Patent No. 6,138,155

30.     NetRatings repeats the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

31.     Upon information and belief, WebSideStory has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '155 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its WebSiteStory® Active Marketing Suite™ of products and associated modules and services, including but not limited to HitBox Enterprise,

6

HBX™ product family and associated modules and services, and WebSideStory® StatMarket®, alone and/or in combination with other WebSideStory products or services.

32.     Upon information and belief, WebSideStory has had notice of the '155 Patent and its infringement of the '155 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

33.     As a result of WebSideStory's infringement of the '155 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

34.     Unless an injunction is issued enjoining WebSideStory and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '155 Patent, NetRatings will be irreparably harmed.

35.     Upon information and belief, with full knowledge of the '155 Patent, WebSideStory willfully and wantonly infringed the '155 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT V

### Infringement Of United States Letters Patent No. 6,763,386

36.     NetRatings repeats the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

37.     Upon information and belief, WebSideStory has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its WebSiteStory® Active Marketing Suite™ of products and associated modules and services, including but not limited to HitBox Enterprise,

HBX™ product family and associated modules and services, and WebSideStory® StatMarket®, alone and/or in combination with other WebSideStory products or services.

38.     Upon information and belief, WebSideStory has had notice of the '386 Patent and its infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

39.     As a result of WebSideStory's infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

40.     Unless an injunction is issued enjoining WebSideStory and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

41.     Upon information and belief, with full knowledge of the '386 Patent, WebSideStory willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, NetRatings prays for judgment and relief as follows:

A.      A declaration that WebSideStory has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of United States Letters Patent 5,675,510; 6,108,637; 6,115,680; 6,138,155; and 6,763,386 (collectively, the "patents in suit");

B.      A preliminary and permanent injunction enjoining WebSideStory, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C.      An award of damages in favor of NetRatings and against WebSideStory sufficient to fully compensate NetRatings for WebSideStory's infringement of the patents in suit and an assessment of prejudgment interest and post-judgment interest;

D.      A finding by the Court that WebSideStory's infringement of the patents in suit is willful, and an award of enhanced damages pursuant to 35 U.S.C. § 284;

E.      Trebling the compensatory damages due NetRatings;

F.      A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G.      Such other and further relief as the Court deems just and equitable.

Dated: New York, New York
     February 3 , 2006

                       BROWN RAYSMAN MILLSTEIN
                       FELDER & STEINER LLP

By: _____
                       Seth H. Ostrow (SO 9605)
                       Frederick L. Whitmer (FW 8888)
                       Arianna Frankl (AF 7764)

                       900 Third Avenue
                       New York, New York 10022
                       Telephone:  (212) 895-2000
                       Facsimile:  (212) 895-2900

                       Attorneys for NetRatings, Inc.

## <u>DEMAND FOR JURY TRIAL</u>

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

Dated: New York, New York
February 3, 2006

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP

By: _____

    Seth H. Ostrow (SO 9605)
    Frederick L. Whitmer (FW 8888)
    Arianna Frankl (AF 7764)

900 Third Avenue
New York, New York 10022
Telephone:  (212) 895-2000
Facsimile:  (212) 895-2900

Attorneys for NetRatings, Inc.

652291